
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff - Appellee,<br><br>    v.<br><br>EFRAIN IBARRA-FLORES, AKA Efrain Ibarra, AKA Efrain Ivarra-Flores,<br><br>                    Defendant - Appellant. | No. 14-10009<br><br>D.C. No. 3:13-CR-0085-HDM-VPC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted November 20, 2014[**]
San Francisco, California

Before: FERNANDEZ and IKUTA, Circuit Judges, and ALBRITTON, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William H. Albritton, III, Senior District Judge for the U.S. District Court for the Middle District of Alabama, sitting by designation.

Efrain Ibarra-Flores ("Ibarra-Flores") appeals from his conviction of being an alien who had been excluded, deported, or removed from the United States and thereafter enters, attempts to enter, or is found in the United States in violation of 8 U.S.C. §1326(a).

At trial, Ibarra-Flores requested that the trial court instruct the jury that an alien is a person who is not a natural-born, naturalized, or derivative citizen, and that derivative citizenship means citizenship derived from that of another, such as a parent. The district court denied the request, relying on United States v. Espinoza-Baza, 647 F.3d 1182, 1192 (9th Cir. 2011) (holding that a suggestion of uncertainty as to the defendant's mother's citizenship was not sufficient to put the derivative citizenship defense at issue so as to warrant an instruction on that theory).

A criminal defendant has a right to have the jury instructed according to his theory of the case, provided that the requested instruction is supported by law and has some foundation in the evidence presented at trial. United States v. Bello–Bahena, 411 F.3d 1083, 1088–89 (9th Cir. 2005). We review de novo whether an instruction is supported by law. See United States v. Castagana, 604 F.3d 1160, 1163 n. 2 (9th Cir. 2010). Whether it "has some foundation in the evidence" is reviewed for an abuse of discretion. See United States v. Daane, 475

F.3d 1114, 1119 (9th Cir. 2007).

While the test for whether a proposed instruction has an adequate evidentiary foundation is somewhat generous, the trial record must still contain "evidence upon which the jury could rationally find for the defendant." Espinoza-Baza, 647 F.3d at 1191 (citation omitted). Therefore, a defendant must present more than a mere "scintilla of evidence" of derivative citizenship to warrant a defense instruction on that theory. Id.

The evidence of citizenship at Ibarra-Flores's trial consisted of Ibarra-Flores's statements to immigration officials that he and his parents were citizens of Mexico. We conclude that the district court did not abuse its discretion in finding that the derivative citizenship theory was not sufficiently supported by evidence at trial for the jury to be instructed as to that theory.

Accordingly, Ibarra-Flores's conviction is **AFFIRMED**.